THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, as subrogee of THE ESTATE OF MILTON HIRSCH, | : : : : : : : : : : : : : : | Civil Action No. 5:07-cv-191 |
| Plaintiff, | | |
| v. | | |
| MILTON C. MURPHY and JERRY McWANE, | | |
| Defendants. | | |

## ORDER ON MOTION TO SET ASIDE DEFAULT

Defendant Jerry McWane ("McWane") has moved the Court to set aside the clerk's July 12, 2007 entry of default. Because he has shown good cause, McWane is entitled to relief from the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Accordingly, McWane's motion (Doc. 6) is **GRANTED**.

The record shows that McWane was served with the summons and complaint in this case on May 28, 2007. Under the Federal Rules, a responsive pleading was due by June 18. McWane did not file a timely answer. On July 11, Plaintiff applied to the Clerk of Court for an entry of default, and default was entered on the following day. McWane filed his motion to set aside the default on July 23.

Rule 55(c) gives a district court discretion to set aside an entry of default for "good cause shown." In general, "defaults are seen with disfavor because of the strong policy of determining

1

cases on their merits." Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Although the good cause standard is highly discretionary and fact-specific, the Eleventh Circuit has outlined a number of guidelines for considering motions under Rule 55(c):

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default."

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations and quotation marks omitted). The Court's review of the circumstances in this case confirms that there is a meritorious defense, that there is no evidence of any significant prejudice to Plaintiff as a result of the delay, and that there is no indication that the default was culpable or willful. In the interests of reaching the merits of this case, there is good cause for the opening of default.

McWane has shown that he has a meritorious defense to Plaintiff's claims. Plaintiff is an insurance company seeking to recover in indemnity for benefits that it paid to its insured in compensation for a fire loss. Plaintiff contends that the fire was caused as a result of negligence by McWane and his codefendant, Murphy, while performing plumbing work on the damaged property. In response, McWane offers two defenses: first that the fire was caused by faulty wiring rather than by the plumbing work and second that he did not take part in the plumbing work, but was merely present on the scene while Murphy performed the work. Plaintiff has challenged the evidentiary

support for these defenses,[1] but questions as to the weight and credibility of the evidence supporting the defenses are not for this stage of the process. The defenses in themselves are meritorious and establish a real controversy worthy of a determination on the merits.

As for prejudice, the very short delay caused by McWane's failure to file a timely answer will have a minimal effect on Plaintiff's ability to prosecute its claims. McWane filed his motion for entry of default approximately one month after the answer was due. As a result of this delay, Plaintiff argues, "memories have faded, and witnesses will need to be located, increasing the difficulties of discovery." Doc. 7, Plaintiff's Response to Motion to Set Aside, p. 9. This argument is unpersuasive. Plaintiff's action was filed two years after the fire in question. It is difficult to imagine how an additional delay of thirty-five days could cause any significant additional decay of memories or loss of evidence. Plaintiff has pointed to no specific instances of prejudice caused by the delay.

The most significant question is whether McWane's failure to file a timely answer was "willful." "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in delaying relief." Compania Interamericana, 88 F.3d at 951-52. It is important to note the difference between the standard for setting aside an entry of default under Rule 55(c) and the standard for setting aside a default judgment under Rule 60(b). "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is used in setting aside an entry of default." E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). To

---

[1] The affidavits of Karen Lutz and Jerry McWane reveal a number of important factual disputes.

set aside a default judgment, a defendant must affirmatively show that there was a good reason for failing to reply. Florida Physician's Ins. Co. v. Ehlers, 8 F.3d at 783. To set aside an entry of default, however, a defendant need only show that the failure was not willful or culpable. In other words, under Rule 55(c) neglect need not be "excusable," as long as it is not willful.

There is nothing to indicate that McWane's failure to respond was the result of an intentional or reckless disregard for the judicial proceedings in this case. It appears to have been at most a matter of negligence. McWane states in his affidavit that he gave the complaint to his attorney after he received service, and was not aware that his attorney had failed to respond until he received notice of the entry of default. When he became aware of the entry of default he retained another attorney, who promptly filed a motion to set aside default. As Plaintiff argues, failure to file a timely response to a complaint evidences neglect on the part of both the attorney and the client, and perhaps inexcusable neglect. It does not necessarily evidence willfulness, however, particularly where the error is corrected within a reasonable time. Because defaults are generally disfavored, "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d at 783. This case needs to be resolved on the merits. Accordingly, the entry of default against Defendant McWane will be set aside.

**SO ORDERED**, this 6th day of November, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw

4